FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 5 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEXTER LEE**      PLAINTIFF

VS.      CASE NO. 4:23-CV-486-BSM

**PINE BLUFF SCHOOL DISTRICT, JEREMY OWOH,
JOHNNY KEY, BARBARA WARREN, JENNIFER BARBAREE, and
MONICA MCMURRAY, in their individual and official capacities**      **DEFENDANTS**

## COMPLAINT

COMES NOW THE PLAINTIFF, **DEXTER LEE,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and who, for his Complaint, states:

### PARTIES AND JURISDICTION

1. Plaintiff, Dexter Lee, is a resident and citizen of Jefferson County, Arkansas.

2. Defendant, Pine Bluff School District, is an Arkansas School District, doing business in an industry substantially impacting interstate commerce. Defendant, Jeremy Owoh, was the Superintendent of Pine Bluff School District, (hereinafter "PBSD"). The individual Defendants are officials of the School District and made decisions regarding the matters herein sued for. After the District was taken over by the State, Defendant, Johnny Key, was in effect its School Board, and was based in Pulaski County, Arkansas. The named individuals are only sued under 42 U.S.C. 1983 and ACRA Section 105.

3. All events complained of took place in Jefferson County, Arkansas. These claims are for violation of Title VII, 42 U.S.C. 1983 Section 107(a)(1) of the ACRA, Section 105 and 108 of the ACRA. They are for an amount exceeding that required for diversity jurisdiction. The State law claims arise out the same common nucleus of operative fact as the Federal claims.

This case assigned to District Judge Miller
and to Magistrate Judge Harris

Accordingly, there is Federal question jurisdiction and supplemental jurisdiction over the state law claims, and venue is proper.

## FACTS

4. Plaintiff, Dexter Lee, was employed by PBSD for years as an Assistant Principal, and then as the Human Capitol Officer for the District, which was a contracted position that was the equivalent of an Assistant Superintendent.

5. Plaintiff discovered violations of policy. They constituted discriminatory practices and favoritism with regard to jobs in the Pine Bluff School, specifically including violation of State law by failing to use Veterans preferences, discrimination, and retaliation. He filed an EEOC charge.

6. Plaintiff complained about and opposed these violations, but nothing was done.

7. Acting as a citizen, Plaintiff posted on the internet about these violations so that the public would be aware of them.

8. In March of 2019, Plaintiff was given a RIF letter stating that he was being removed as Human Capitol Officer, and his pay was cut.

9. Since then, Assistant Superintendent positions opened and Plaintiff applied.

10. Plaintiff applied for the positions, but was denied them. Instead, less qualified Caucasians, who had not exercised free speech rights by disclosing policy violations to the public, were hired, over Plaintiff, and numerous other African-American applicants.

11. Plaintiff was denied the positions because of his protected activity and race.

12. Plaintiff has been placed at Pine Bluff High School. As a means of retaliation, Defendants have removed his Secretary from supporting him, greatly increasing his workload. His responsibility was supposed to be for the Patterson building and Annex first floors, and that the

interim Principal would have the second floor. Instead, with no Secretary he has had responsibility for both floors, without the pay or support.

13. Last year, the interim Principal was an Assistant Principal. The year went so badly, that the Principal from last year had to be moved. The then Assistant Principal failed to perform well that year. Yet that Assistant Principal has now been promoted to interim Principal, and that job was not ever posted. Plaintiff had more experience and had performed better in the previous year, yet was not given the job because of his past protected activities.

14. Plaintiff has been subjected to unwarranted investigations. Two (2) Assistant Superintendents became investigated him over a "student concern" related to incidents where the students at issue were in clear violation of policy based on the existence of video and numerous witnesses to their conduct. Yet Plaintiff was investigated directly by two (2) Assistant Superintendents, which was unprecedented and unnecessary given the evidence supporting student misconduct.

15. Even now, the new Superintendent has stated that she is, unilaterally, without posting positions, going to decide where personnel will go without posting the jobs. Accordingly, the current interim Principal, who is not doing their job, is now getting the Principal position without applying for it. Accordingly, Plaintiff has been denied the position again.

16. Plaintiff has filed EEOC charges within 180 days of these events and has brought suit within 90 days of receiving a Right to Sue Letter.

## COUNT I - RETALIATION

17. Plaintiff incorporates by reference the foregoing, as if fully stated herein.

18. By virtue of the facts alleged herein, Defendants have denied promotion to Plaintiff based on protected speech, remonstration, petition, and activity, in violation of Title VII, ACRA 105 and 108, and 42 U.S.C. 1983.

19. As a result, Plaintiff has lost wages and benefits, and endured mental, emotional, and physical suffering

20. Defendants' actions were in reckless, malicious, and willful violation of Plaintiffs rights under the law, meriting punitive damages.

## COUNT II - RACE DISCRIMINATION

21. Plaintiff incorporates by reference the foregoing, as if fully stated herein.

22. By virtue of the facts alleged herein, Plaintiff has been discriminated against because of his race in violation of Title VII, ACRA 107(a)(1), and 42 U.S.C. 1983.

23. As a result of Defendant's actions, Plaintiff has lost wages and benefits, and has endured mental, emotional, and physical suffering and embarrassment.

24. Defendant's actions were in intentional, willful, reckless, and malicious violation of plaintiff's rights under the law.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, **DEXTER LEE,** prays for lost wages and income, compensatory damages for mental, emotional, and physical suffering, damage to his reputation, embarrassment, humiliation, punitive damages, in an amount exceeding that required for diversity jurisdiction, cleansing of his file, a public, written apology and press release, designation as rehirable, other declaratory and injunctive relief, reasonable fees and costs, and a jury trial on all matters so triable.

Respectfully Submitted,

By:  /s/ Luther Oneal Sutter
Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
**SUTTER & GILLHAM, P.L.L.C.**
Attorneys for Plaintiff
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910  Office
501/315-1916  Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com