IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEXTER LEE**                                                                                      **PLAINTIFF**

v.                                   **CASE NO. 4:23-CV-00486-BSM**

**PINE BLUFF SCHOOL DISTRICT,** *et al.*                                      **DEFENDANTS**

## ORDER

Defendants' motions to dismiss [Doc. Nos. 3 & 8] are granted in part and denied in part. Dexter Lee's 42 United States Code section 1983 and Arkansas Civil Rights Act ("ACRA") section 105 official-capacity claims against Jeremy Owoh, Barbara Warren, Jennifer Barbaree, and Monica McMurray (collectively, "District Defendants") and Johnny Key are dismissed. Lee's section 1983 and ACRA section 105 claims against the Pine Bluff School District ("District") survive. Lee is permitted to amend his Title VII claims against the District, the District Defendants in their official capacities, and Johnny Key in his official capacity; section 1983 claims against the District Defendants and Johnny Key in their individual capacities; ACRA section 105 claims against the District Defendants and Johnny Key in their individual capacities; and ACRA section 107 and 108 claims against the District, the District Defendants in their official capacities, and Johnny Key in his official capacity. Also, Key must be properly served process in his official capacity for any of those claims to survive. Additionally, any other individual-capacity claims are dismissed.

I. BACKGROUND

Lee's allegations, which must be viewed as true when considering a motion to

dismiss, are as follows. *See Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). The District employed Lee as an assistant principal, and then contracted for him to serve as the Human Capital Officer ("HCO"). Compl. ¶ 4, Doc. No. 1. Lee was notified that he was being removed from the HCO position when he complained that the District was failing to give veterans preferences in hiring, and that it discriminated and retaliated against its employees. *Id.* ¶¶ 5-6. When he applied for the position of assistant superintendent, he was denied the position based on his complaints and because of his race. *Id.* ¶ 11. Lee was transferred to another position with a significantly increased workload where his secretary was removed in retaliation for his complaints. *Id.* ¶ 12. He was also subjected to unwarranted investigations and was denied promotions. *Id.* ¶¶ 14, 18.

Lee is suing defendants for retaliation and race discrimination under Title VII; ACRA sections 105, 107, and 108; and section 1983. Defendants are moving to dismiss the official-capacity claims against Johnny Key due to insufficiency of service of process, and the rest of Lee's claims for failure to state a claim and for failure to exhaust administrative remedies.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts, accepted as true, to permit the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are

insufficient.  *Id.*  In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered.  *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III.  DISCUSSION

Defendants' motions to dismiss are granted in part and denied in part for the reasons set forth below.

 A. <u>Dismissed Claims</u>

*1. Section 1983 Official-Capacity Claims*

State officials in their official capacities cannot be sued for money damages under section 1983.  *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).  But "a private party may sue state officials in their official capacities for prospective injunctive relief." *McDaniel v. Precythe*, 897 F.3d 946, 952 (8th Cir. 2018) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Before a court may grant injunctive relief,  "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by [the injunctive relief]."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  The purpose of providing injunctive relief is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per

curiam) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 & n.5 (8th Cir. 1981) (en banc)).

Lee has alleged "no facts supporting his claim for injunctive relief and instead just concludes that injunctive relief is warranted." *U.S. ex rel. Walner v. NorthShore Univ. Healthsystem*, 660 F. Supp. 2d 891, 900 (N.D. Ill. 2009). Lee will not be permitted to amend this claim because it would be futile. *See Sentell v. RPM Mgmt. Co., Inc.*, 653 F. Supp. 2d 917, 919 (E.D. Ark. 2009) ("A court can deny leave to amend as futile where the amended pleading would not survive a motion to dismiss."). The only injunctive relief that Lee could seek is one that gives him one of the administrative positions that he wants, and that would not preserve the status quo.

### 2. ACRA Section 105 Official-Capacity Claims

ACRA section 105 is the Arkansas state law equivalent of 42 U.S.C. section 1983. *See* Ark. Code Ann. § 16-123-105(c) ("When construing this section, a court may look for guidance to state and federal decisions interpreting the Civil Rights Act of 1871, as amended and codified in 42 U.S.C. § 1983 . . . ."); *see also Ross v. City of Helena-W. Helena, Ark.*, No. 2:17-CV-00031-KGB, 2020 WL 7034479, at *6 (E.D. Ark. Nov. 30, 2020) ("[F]ederal constitutional claims under § 1983 [are] equally applicable to their state constitutional claims under the ACRA.").

Because Lee's ACRA section 105 claims are subject to the same analysis as his section 1983 claims, the motions to dismiss the ACRA section 105 official-capacity claims against the District Defendants and Johnny Key are granted.

### 3. Any Other Individual-Capacity Claims

In Lee's brief in response to the motions to dismiss, he argues that "[c]laims brought against individuals are only brought under 42 U.S.C. 1983 and its state law equivalent, Ark. Code Ann. 16-123-105, for violation of constitutional rights. Claims against individuals are not brought under Title VII or Sections 107 or 108 of the ACRA." Doc. No. 13 at 1. Consequently, any other individual-capacity claims are dismissed.

B.      Surviving Claims

### 1. Section 1983 Claim Against Pine Bluff School District

To succeed on his section 1983 claim, Lee must prove that the District deprived him of a constitutionally protected right. *See Burlison v. Springfield Pub. Schs.*, 708 F.3d 1034, 1038 (8th Cir. 2013); *Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011). Lee alleges a plausible claim that the District violated the First and Fourteenth Amendments when it retaliated against him and discriminated against him because of his race. Although the District correctly points out that Lee has provided scant evidence in support of these allegations, "an employment discrimination plaintiff need not plead a prima facie case of discrimination" at the 12(b)(6) stage. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). Thus, viewing Lee's allegations in the light most favorable to him, it cannot be determined that he will be unable to prove his case. *See Ruge v. City of Bellevue*, 892 F.2d 738, 740 (8th Cir. 1989).

### 2. ACRA Section 105 Claim Against Pine Bluff School District

The District's motion to dismiss the ACRA section 105 claim is denied for the same

reason as the section 1983 claim.

    C.    <u>Claims Lee May Amend</u>

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be granted when justice so requires. Leave to amend may be denied if the movant acted with undue delay, bad faith, or dilatory motive and the proposed amendment would unduly prejudice the opposing party. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

### 1. Title VII Claims

Lee was required to file a charge of discrimination with the EEOC and receive a right to sue letter before bringing this lawsuit. *See Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006). Lee alleges that he filed EEOC charges and received a right to sue letter. Compl. ¶ 16. Lee's right to sue letter was filed almost three months after he filed his lawsuit and shows that the complaint was timely filed. *See* Doc. No. 12-1. The problem is that he has failed to submit any documents showing the contents of his charge of discrimination. Consequently, Lee has fourteen days to amend his complaint to show the substance of the EEOC charge, so a determination can be made as to what limits must be placed on his claims against defendants. Defendants are instructed to supplement this motion once the complaint has been amended.

### 2. Section 1983 Individual-Capacity Claims

Lee is required to specifically allege how each defendant violated his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Lee, however, fails to allege that any District Defendant acted under color of law and he fails to allege how each defendant

violated his rights. Moreover, Key's name is mentioned only once relating to his official position. Compl. ¶ 2. This is totally inadequate. Lee, therefore, has fourteen days to amend his complaint to allege how each defendant violated his rights.

### 3. ACRA Section 105 Individual-Capacity Claims

Lee has fourteen days to amend his ACRA section 105 claims because they are analyzed identically to his section 1983 claims.

### 4. ACRA Section 107 Claims

Lee has fourteen days to amend his ACRA section 107 claims to show the substance of the allegations in the administrative charge, so that his race discrimination allegations may be properly limited. Section 107 claims provide a "right to obtain and hold employment without discrimination" on the basis of race. Ark. Code Ann. § 16-123-107(a). These claims have the same administrative requirements as Title VII claims. *See Hold v. Deer-Mt. Judea Sch. Dist.*, 135 F. Supp. 3d 898, 904 (W.D. Ark. 2015) ("To perfect a claim under the ACRA, an individual must file suit within one year after the alleged discrimination occurred or within 90 days of receipt of a 'Right to Sue' letter from the EEOC."). These claims are analyzed identically to Title VII claims. *See Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 n.3 (8th Cir. 2000).

### 5. ACRA Section 108 Claims

As with his Title VII and section 107 claims, Lee has fourteen days to amend his complaint to show the substance of the allegations in the administrative charge, so that his retaliation allegations may be properly limited. ACRA section 108 prohibits retaliation based

on protected activity. *See* Ark. Code Ann. § 16-123-108; *McCullough v. Univ. of Ark. for Med. Scis.*, 559 F.3d 855, 864 (8th Cir. 2009). "[R]etaliation claims under the ACRA are analyzed under the same substantive standards as retaliation claims under Title VII." *Hill v. City of Pine Bluff, Ark.*, 696 F.3d 709, 716 (8th Cir. 2012) (citing *McCullough*, 559 F.3d at 860; *Wallace v. Sparks Health Sys.*, 415 F.3d 853, 861 (8th Cir. 2005)).

### 6. Key's Official-Capacity Service of Process

Federal Rule of Civil Procedure 12(b)(5) provides that a party may move to dismiss a case by challenging the delivery method of a summons and complaint. Service of process is "the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946). Therefore, a defendant must receive valid service of process for a district court to exercise personal jurisdiction. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4(m) allows a court to extend time for service of process if a defendant is not properly served within 90 days after a complaint is filed.

Lee failed to properly serve process on Key in his official capacity within 90 days of the complaint being filed. Lee has fourteen days to properly serve Key.

### IV. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted in part and denied in part. As set forth herein, some claims are dismissed, some claims survive, and some claims must be amended

within fourteen days of this order to survive.

    IT IS SO ORDERED this 19th day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE